SOPHIA ROSENBLUM, Formerly ROSNER, as Administratrix, etc., of PAUL ROSNER, Deceased, Appellant, *v.* HENRY ROSNER, Respondent.

First Department, May 2, 1924.

Partnership — action for accounting on reserve fund created by final agreement between surviving partner and administratrix of deceased partner to pay partnership claims arising prior to certain date — counterclaim based on excessive payments over amount of reserve fund dismissed.

In an action by the administratrix of a deceased partner for an accounting of a reserve fund established by a winding-up agreement entered into by the parties to the action for the purpose of paying partnership claims accruing prior to a certain date, the balance of which fund was to be divided equally between the

estate of the deceased partner and the surviving partner, a counterclaim interposed by the defendant based on an alleged excess of claims over the amount of the reserve fund must be dismissed, since there is no allegation that the excess was incurred in connection with the business, and furthermore, the winding-up agreement shows upon its face that it was a final agreement, and that the estate of the deceased partner was not to be charged with any partnership claims in excess of the reserve fund.

APPEAL by the plaintiff, Sophia Rosenblum, as administratrix, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of June, 1923, as denies her motion to dismiss the counterclaim in the answer, and also from so much of an interlocutory judgment in favor of the defendant entered in said clerk's office on the same day pursuant to said order as denies plaintiff's motion to dismiss said counterclaim.

*Kurzman & Frank* [*Sidney Newborg* of counsel], for the appellant.

*David I. Shapiro* [*Benjamin Tuska* of counsel], for the respondent.

FINCH, J.:

There is raised by this appeal the validity of the defendant's counterclaim. Plaintiff's deceased husband and the defendant were copartners. After the death of her husband there was an accounting, and then the parties entered into a " Winding up agreement " whereby the partnership matters were settled, plaintiff assigning to the defendant in her individual as well as representative capacity all right in the partnership lease and good will and agreeing to receive in return a stipulated sum. It further was agreed that a contingent reserve fund of $18,000 should be set aside " against which shall be charged payments properly chargeable against said business prior to January 1, 1921," said fund to be accounted for and any balance thereof to be divided equally between the estate and the defendant.

This action is brought for an accounting as to said fund of $18,000. The answer set up as a defense that the fund had been duly accounted for, and as a counterclaim alleges that " the defendant expended a sum of about $30,000 which represents about $12,000 in excess of the contingent reserve fund provided for in the agreement aforementioned, of which excess the plaintiff is obligated to the defendant for one-half thereof, to wit, the sum of $6,000."

It will be noted, *first*, that the defendant does not allege that the excess of $12,000 was incurred in connection with the business at all. A further objection which goes to the substance of the counterclaim is that the winding up agreement shows upon its face that it was a final agreement. This intention of the parties appears in several places in the agreement, as follows:

" WHEREAS, the said Estate has accepted said account as being accurate, correct and final and binding on said Sophia Rosner, individually and as administratrix of the Estate of Paul Rosner, deceased, and is willing to enter upon a settlement with said Henry Rosner upon the basis of said account, and  *  *  *

"*Fourth*. Said estate accepts said account as being accurate, correct and final and binding upon said Sophia Rosner, individually and as administratrix of the Estate of Paul Rosner, deceased, subject to corrections for errors and omissions. The valuations placed upon the inventory are accepted as correct.  *  *  *

" *Eighth*. This settlement is accepted by the said Sophia Rosner, the said party of the second part herein, individually for herself and as administratrix of said Estate of Paul Rosner, deceased, as binding, final and conclusive," thus showing that said agreement was final and complete and that if there were to be any additional contingencies over and above said sum of $18,000, reserved for that purpose, the defendant was alone liable to pay them.

It follows that the order so far as appealed from should be reversed and the plaintiff's motion for judgment dismissing the counterclaim granted, and the judgment so far as appealed from reversed, with costs, and amended by providing that the motion for dismissal of said counterclaim be granted.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order so far as appealed from reversed and motion granted; judgment so far as appealed from reversed, with costs, and judgment amended by providing that the motion for dismissal of counterclaim is granted.